IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID LEE MCMILLIAN,                        :
                                            :
          Plaintiff,                        :
                                            :
vs.                                         :          CIVIL ACTION 13-00111-KD-N
                                            :
JEFFREY L. STOKES, et al,                   :
                                            :
          Defendant(s).                     :


<u>REPORT AND RECOMMENDATION</u>


     Plaintiff, an Alabama prison inmate proceeding <u>pro se</u>, filed a complaint under 42 U.S.C.

§ 1983 (Doc. 8), together with a Motion to Proceed Without Prepayment of Fees (Doc. 5).    This

action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.2(c)(4), and is now before the Court for Plaintiff's failure to pay the partial filing fee.

Because Plaintiff has failed to prosecute and to comply with the Court's Order dated July 9,

2013, it is recommended that this action be dismissed without prejudice.

     On May 31, 2013, after review of Plaintiff's Motion to Proceed Without Prepayment of

Fees, the Court ordered Plaintiff to pay a $4.66 partial filing fee by June 21, 2013 (Doc. 9).    On

June 21, 2013, Plaintiff filed a letter motion for extension of time to pay filing fee (Doc. 10). On

July 9, 2013, the Court granted the motion and granted Plaintiff until August 9, 2013 to pay the

partial filing fee.    Plaintiff has not paid the partial filing fee, nor has his copy of the Courts

order been returned to the Court.    Plaintiff was advised that if he failed to comply, a

recommendation would be entered that his action be dismissed without prejudice for failure to

prosecute and to obey the Court's order.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by paying the partial filing fee, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 19th day of August, 2013.


s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.   Any party who objects to this recommendation or anything in it must,
within fourteen days of the date of service of this document, file specific written objections with
the clerk of court.   Failure to do so will bar a <u>de novo</u> determination by the district judge of
anything in the recommendation and will bar an attack, on appeal, of the factual findings of the
magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir.
1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).   The procedure
for challenging the findings and recommendations of the magistrate judge is set out in more
detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a
> dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by
> filing a Statement of Objection to Magistrate Judge's Recommendation within
> fourteen days after being served with a copy of the recommendation, unless a
> different time is established by order.   The statement of objection shall specify
> those portions of the recommendation to which objection is made and the basis
> for the objection.   The objecting party shall submit to the district judge, at the
> time of filing the objection, a brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed <u>de novo</u> and a different
> disposition made.   It is insufficient to submit only a copy of the original brief
> submitted to the magistrate judge, although a copy of the original brief may be
> submitted or referred to and incorporated into the brief in support of the objection.
> Failure to submit a brief in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the
district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.   Pursuant to 28 U.S.C. §
1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this
action are adequate for purposes of review.   Any party planning to object to this
recommendation, but unable to pay the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required before the United States will pay the cost
of the transcript.

S/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE
